UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATTY STONE | CIVIL ACTION |
| VERSUS | NO. 15-3638 |
| ARTS CENTER ENTERPRISES – NEW ORLEANS, LLC, ET AL. | SECTION "B"(5) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 21). Plaintiff Patty Stone (hereinafter "Plaintiff" or "Stone") seeks remand to state court due to a lack of subject matter jurisdiction resulting from the addition of a non-diverse defendant in the Second Amended Complaint. (Rec. Doc. No. 16). The added defendant, the City of New Orleans, does not oppose the motion. However, the remaining defendants oppose remand at this time. (Rec. Doc. No. 24). For the reasons enumerated below,

**IT IS ORDERED** that the Plaintiffs' Motion to Remand is **GRANTED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of an injury sustained by Plaintiff while attending an event at the Mahalia Jackson Theatre in New Orleans, LA. Plaintiff originally filed suit on July 8, 2015 in Civil District Court for the Parish of Orleans against Arts Center Enterprises – New Orleans, LLC ("ACE") and an unknown insurer. (Rec. Doc. No. 1 at 1-2). Plaintiff is a resident of Jefferson

1

Parish, Louisiana. (Rec. Doc. No. 1 at 2). ACE, the alleged operator of the Mahalia Jackson Theatre, is a Limited Liability Company organized under the laws of Texas that has no members domiciled in Louisiana. (Rec. Doc. No. 1 at 2).

On August 19, 2015, ACE removed the action to federal court based on diversity jurisdiction. (Rec. Doc. No. 1). Plaintiff then filed a First Amended Complaint naming Nova Casualty Company ("NOVA") as an additional defendant. (Rec. Doc. No. 6). Nova, the liability insurer for ACE, is a foreign insurance company. (Rec. Doc. No. 6 at 1). After discovery revealed that the Mahalia Jackson Theatre is owned by the City of New Orleans, Plaintiff filed a second motion to amend her complaint seeking to add the City of New Orleans (the "City") as a third defendant. (Rec. Doc. No. 12). The Magistrate Judge granted the motion as unopposed (Rec. Doc. No. 15), and the second amended complaint was filed into the record. (Rec. Doc. No. 16). Thereafter, Plaintiff filed a motion to remand to state court due to a lack of complete diversity. (Rec. Doc. No. 21).[1]

II.  **THE PARTIES' CONTENTIONS**

Plaintiff contends that the addition of the City of New Orleans as a defendant destroys this Court's diversity

---

[1] It is unclear why Plaintiff did not request remand in the same motion that sought to add the City of New Orleans as a defendant. Nevertheless, the motion to remand is now before this Court almost two months after the City was added as a party.

2

jurisdiction. (Rec. Doc. No. 21). Plaintiff cites *Moor v. Alameda County*, 411 U.S. 693, 717 (1973), for the proposition that the City of New Orleans, as a political subdivision of the state of Louisiana, is a citizen of Louisiana for diversity purposes. (Rec. Doc. No. 21-1 at 2). As Stone is also a citizen of Louisiana, she urges this Court to remand the case to state court for lack of complete diversity and thus lack of subject matter jurisdiction.

In their opposition, ACE and Nova do not contend that complete diversity exists. Rather, they ask this Court to refrain from acting on the motion at this time. (Rec. Doc. No. 24 at 1). Defendants maintain that it would be prudent to defer ruling on the motion because the City may file a Rule 12(b)(6) motion to dismiss, which, if granted, would mean that this Court continues to have diversity jurisdiction. (Rec. Doc. No. 24 at 1-2). Accordingly, Defendants implore this Court to reserve judgment on the present motion until after the City has filed responsive pleadings.

### III. **LAW AND ANALYSIS**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). Here, the Court permitted the joinder of the City, leaving the question of

whether the addition of the City destroys the Court's diversity jurisdiction.

Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." It is well-established that such diversity jurisdiction exists only when there is "complete diversity" between the parties. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id*. (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). "The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction; and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citations omitted). "To be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States, and a domiciliary of that State." *Id*. (internal citations omitted). Additionally, "a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes." *Moor v. Alameda County*, 411 U.S. 693, 717 (1973) (internal quotations mark omitted), *overruled on other grounds*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 (1978).

4

Here, the Plaintiff, Patty Stone, is a natural person domiciled in Louisiana, meaning she is a citizen of Louisiana. Defendants do not contest this. "The City of New Orleans is a political subdivision of the State of Louisiana." *Creekmore v. Public Belt R.R. Comm'n of New Orleans*, 134 F.2d 576, 577 (5th Cir. 1943). A political subdivision "is independent from the state, rather than an arm or agent of the state." *Trosclair v. City of Westwego*, 1995 WL 311978, No. 94-689, at *3 (E.D. La. May 18, 1995). "[I]t is not entitled to Eleventh Amendment immunity and is considered a citizen of the state for purposes of diversity jurisdiction." *Id.* Accordingly, the City of New Orleans is considered a citizen of Louisiana for diversity purposes. Defendants also do not contest this point. As the plaintiff and a single defendant are citizens of the same state, there is only minimal diversity and this Court lacks subject matter jurisdiction.

Under the traditional view, a case should not remain in federal court after the addition of a party that destroys diversity jurisdiction. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001). However, defendants maintain that this Court should not adhere to this traditional view because there is a chance that the City of New Orleans may ultimately be dismissed. Yet, this is pure speculation on Defendants' part. They have provided no reasons why it is possible or even likely that the

5

City would be dismissed. Moreover, dismissal of the City would require this Court to rule on a 12(b)(6) motion without subject matter jurisdiction over the case. Such action would be improper. *See Superior Scrap Metals, Inc. v. ADM Growmark River Sys., Inc.*, 1994 WL 589628, No. 94-2212, at *4 (E.D. La. Oct. 26, 1994) ("[A] federal district court must remand an action to state court if it allows the joinder of nondiverse parties, even if the action had previously been properly removed.").

IV. **CONCLUSION**

In light of the foregoing,

**IT IS ORDERED** that the Plaintiffs' motion to remand is **GRANTED**. The above-captioned matter is hereby **REMANDED** to state court.

New Orleans, Louisiana, this 8th day of December, 2015.

UNITED STATES DISTRICT JUDGE

6